[No. 18890. Department One. March 3, 1925.]

Frank Dowd, *as Administrator of the Estate of John York, Deceased, Respondent,* v. L. G. Morris, *doing business as Overland Transfer Company, Appellant.*[1]

Damages (48)—Measure of Damages—Loss of Earning Capacity—Evidence—Sufficiency. In a personal injury case, the damages for loss of earning power is a question for the jury, notwithstanding plaintiff had not been regularly employed since an operation two years previously, where there was evidence that he performed incidental labor during said time and was on his way to take employment at the time of the accident.

Release (8)—Evidence—Sufficiency. A receipt for five dollars and for $12.71 paid on a hospital bill, reading "in full for all damages" is not a release of substantial damages where there was no evidence from which it could be inferred that it was paid in complete settlement thereof.

Appeal from a judgment of the superior court for King county, Brinker, J., entered November 20, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*John F. Dore,* for appellant.

*John P. Gallagher, Crawford E. White,* and *Chas. C. Curtis,* for respondent.

Askren, J.—This appeal is from a judgment entered upon the verdict of a jury in the sum of $1,035.25, in an action for personal injuries inflicted when plaintiff was struck by defendant's automobile truck in January, 1922. After trial plaintiff died, and the administrator was substituted on motion.

The evidence shows that decedent was struck while crossing Third avenue at Seneca street, in the city of

[1]Reported in 233 Pac. 320.

Seattle; that, at a point near the first rail of the street car track, the defendant's truck, in trying to avoid striking decedent, swerved sharply to the left, and that decedent was struck by an appliance carried on the side of the truck and known as a "dolly" which is used for transporting heavy articles. Decedent was carried to a nearby store, from there taken to a hospital, and afterwards to his home, and was unable to perform any work thereafter up to the time of trial.

Appellant contends that the trial court erred in holding that the evidence was sufficient to go to the jury. The evidence shows that the accident occurred at a street intersection, where, under the ordinances of the city of Seattle, the decedent had the right of way. Appellant claims that the evidence showed that decedent walked into the side of the truck unheeding the situation. There was a decided conflict in the evidence as to the accident, which made a question for the jury, and their verdict thereon has established the fact.

It appears from the evidence that the decedent, some years before, while engaged as a mariner, received a bad injury to his head which necessitated an operation and the placing of a silver plate in his skull. The result of such accident was that thereafter he became subject to the disease of epilepsy. He was more or less steadily employed up to within approximately two years before this accident, and thereafter and prior to the injury he performed incidental labor. The court gave an instruction to the jury based upon the loss of earning power, and it is contended by the appellant that, since decedent had not been steadily employed for two years, he in fact had no earning power. There was evidence that, at the time decedent was struck, he was on his way to take employment, and the question of damages for loss of earning power does not depend wholly upon the question of whether one has been regularly employed

immediately preceding the injury, nor necessarily for any stated period prior thereto, but the jury are entitled to take into consideration the ability to work. There was sufficient evidence upon the question to make it a matter for the jury to determine.

Complaint is made also of an instruction given by the court upon the question of damages because of aggravation of his previous injury. Without stating the evidence, we are content to say that, after a careful reading of the testimony, we are satisfied there was sufficient upon which to base the instruction given.

After decedent's injury, appellant gave him five dollars, and paid the hospital bill in the sum of $12.71, and took a receipt which read that it was "in full for all damages." Appellant pleaded as an affirmative defense that there had been a complete settlement of the matter in controversy by the payment of this amount, and now complains of an instruction given by the court upon the question of settlement which had to do with the question of fraud based upon inadequacy of consideration so gross as to shock the conscience. Appellant does not set out in his brief wherein the instruction is wrong, but we think this instruction and the objection based thereon immaterial. At the trial there was no evidence from which it could be inferred that this money was paid in complete settlement of the case, and appellant went no further than to say that, at the time he gave decedent the five dollars, he expected him to come back on the 10th of the month when he would give him more, or "help him out."

It appears that the case was fairly tried, the jury properly instructed as to the law applicable thereto, and the judgment is hereby affirmed.

Tolman, C. J., Main, Parker, and Bridges, JJ., concur.